IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| LEVI OTHONIEL DIAZ LARIOS and AELIO ALBERTO GONZALEZ-CHAVARRIA, | ) ) ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-01810-AJT-WBP |
| | ) | |
| KRISTI NOEM, *et al.*, | ) ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioners Levi Othoniel Diaz Larios and Aelio Alberto Gonzalez-Chavarria's joint Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition"), seeking release from Immigration and Customs Enforcement ("ICE") custody, arguing that their ongoing detention violates their constitutional due process rights (Count I) and Eighth Amendment right to protection from cruel and unusual punishment (Count II). The Respondents opposed the Petition. [Doc. No. 10]. For the following reasons, the Petition is GRANTED.

## I.    BACKGROUND

Petitioner Diaz Larios is a native and citizen of El Salvador who entered the United States without inspection approximately 20 years ago. [Doc. No. 1] ¶¶ 13, 22. Diaz Larios resides in Virginia with his wife and two children, all of whom are U.S. citizens. *Id*. ¶ 22. He has no criminal record and is the named beneficiary of an approved form I-130, Petition for Alien Relative, which was filed by his wife on his behalf. *Id*. ¶¶ 23-24. On August 30, 2025, Diaz Larios was apprehended

by Enforcement and Removal Operations officers. *Id*. After his arrest, DHS issued both an arrest warrant and a Notice to Appear ("NTA") which charged him with being inadmissible under 8 U.S.C. §§ 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). *Id*. ¶ 25; [Doc. No. 10-1] at 4.

Petitioner Gonzalez-Chavarria is a native and citizen of Guatemala who also entered the United States without inspection approximately 20 years ago. [Doc. No. 1] ¶¶ 14, 26. He also resides in Virginia with his fiancee and two children, all of whom are U.S. citizens. *Id*. ¶ 26. Gonzalez-Chavarria has one criminal conviction, for driving without a license. *Id*. ¶ 27. On October 10, 2025, Gonzalez-Chavarria was apprehended by Enforcement and Removal Operations officers. Again, DHS issued after his arrest both a warrant and a Notice to Appear ("NTA") which charged him with being inadmissible under 8 U.S.C. §§ 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). *Id*. ¶ 25; [Doc. No. 10-1] at 5.

On October 20, 2025, the Petitioners filed the Petition, which was fully briefed on November 6, 2025.

## II.     LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

## III.     DISCUSSION

Petitioners contend that their arrest was in violation of their procedural due process under *Untited States ex. Rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) because Respondents lacked probable cause (Count I) and did not perform a flight risk analysis (Count II);[1] and that their ongoing detention pursuant to 8 U.S.C. § 1225(b)(2) violates their substantive due process (Count III) and procedural due process rights (Count IV), as well as the Immigration and Nationality Act (Count V). Petitioners request that they be released, or in the alternative, that they be given a new bond hearing pursuant to of 8 U.S.C. § 1226. [Doc. No. 1] at 22. In their opposition, Respondents argue that Petitioners' detention is lawful and constitutional under the INA because they were detained under 8 U.S.C. § 1225(b)(2) and not 8 U.S.C. § 1226(a); and that they are due no more process than the narrowed process provided by the INA. [Doc. No. 10].

As an initial matter, the Court observes that Respondents make the same arguments they made, and this Court rejected, in *Luna Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). There, like here, the dispositive issue reduced to whether the petitioner's detention was governed by the mandatory detention provisions in 8 U.S.C. § 1225(b)(2) or the discretionary detention provisions in 8 U.S.C. § 1226(a). At bottom, Respondents argue that Petitioners are "applicant[s] for admission" because they entered the country without inspection, thereby subjecting themselves to mandatory detention under 8 U.S.C. § 1225(b)(2) and not discretionary detention under 8 U.S.C. § 1226(a). [Doc. No. 4] at 5–15.

---

[1] Petitioners do not cite any authority supporting their proposition that challenges to their unlawful arrests, standing alone and as distinct from challenges to their current detention, are cognizable in a Habeas action. This is not the case in the criminal realm (*see Moreland v. United States*, 347 F.2d 376, 377 (10th Cir. 1965) (denying relief under habeas statute for state detainees where the only constitutional violation alleged was an unlawful arrest)), and Petitioners cite to several cases from this court that granted Habeas relief on grounds that those petitioners' continued detention (not their arrests) violated the INA. *See, e.g. Flores Pineda v. Simon et al.*, No. 1:25-CV-01616-AJT-WEF, Slip op. at *2 (E.D. Va. Oct. 21, 2025). However, because Petitioners' Counts III-V offer a sufficient basis for habeas relief, the Court need not exhaustively address their *Accardi* claims.

The Court concludes that for all the reasons previously stated in *Luna Quispe*, and consistent with how several district courts around the country have interpreted the provisions in question, Petitioners' detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures.[2] Respondents' application of section 1225(b) to individuals like Petitioners already in the country contravenes the plain text and statutory scheme of the INA, which makes clear that section 1225(b)(2)(A)'s scope extends only to those individuals actively seeking admission into the country, and not those that have already entered the country (albeit unlawfully).[3] *See Luna Quispe*, 2025 WL 2783799, at *4–6. As the Supreme Court held in *Jennings*, section 1226(a) is the "default rule," which governs "aliens already in the country" who are subject to removal proceedings, whereas section 1225(b) governs "aliens seeking admission into the country." *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Petitioners have been present in the United States since approximately 2005 and thus falls in the former category of

---

[2] *See, e.g.*, *Gomes v. Hyde*, 2025 WL 1869299 (D. Mass. July 7, 2025); *Martinez v. Hyde*, 2025 WL 2084238 (D. Mass. July 24, 2025); *Lopez Benitez v. Francis*, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Maldonado v. Olson*, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Arrazola-Gonzalez v. Noem*, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *J.O.E. v. Bondi*, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); *Jacinto v. Trump*, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); *Samb v. Joyce*, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); *Dos Santos v. Noem*, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Garcia Jimenez v. Kramer*, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); *Anicasio v. Kramer*, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); *Rosado v. Figueroa*, 2025 WL 2337099 (D. Ariz. Aug. 11,2025); *Orellana Juarez v. Moniz*, 2025 WL 1698600 (D. Mass. June 11, 2025); *Hernandez Nieves v. Kaiser*, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); *Vasquez Garcia v. Noem*, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); *Carmona-Lorenzo v. Trump*, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); *Lopez-Campos v. Ravcroft*, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Kostak v. Trump*, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

[3] Respondents' reliance on *Lopez-Sorto v. Garland*, 103 F.4th 242 (4th Cir. 2024) and *Jimenez-Rodriguez v. Garland*, 996 F.3d 190 (4th Cir. 2021) is misplaced. In *Lopez-Sorto*, the Fourth Circuit distinguished between an individual that "crosses the border into the country without authorization and without going through the regular procedures of admission" and one that enters through "parole," holding that an entry through parole "does not constitute an admission." 103 F.4th at 252. Importantly, the court did not hold, as Respondents contend, that an individual cannot be physically present in the United States if they are not also admitted. *Id.* Likewise, *Jimenez-Rodriguez v. Garland* is unpersuasive, as the Fourth Circuit considered in that case the Attorney General's grant of inadmissibility waivers under 8 U.S.C. § 1182(d)(3)(A)(ii), not the mandatory detention procedures in 8 U.S.C. § 1225. 996 F.3d 190 (4th Cir. 2021).

4

"aliens already in the country" subject to the discretionary detention provisions in section 1226(a).[4] Respondents' interpretation of sections 1225 and 1226 would subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." *Lopez Benitez v. Francis*, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (concluding that a habeas petitioner who had applied for asylum was not "seeking admission" within the meaning of § 1225(b)).

With respect to Petitioners' due process claim, Respondents contend that Petitioners are not entitled to constitutional due process since they were mandatorily detained under 8 U.S.C. § 1225(b) and their detention is therefore governed exclusively by that section of the INA. [Doc. No. 4] at 15–22. Having determined that Petitioners' detention is governed by section 1226, the Court must consider whether their continued detention absent a bond hearing violates their due process rights. In that regard, the Court concludes for the reasons stated in *Luna Quispe* that Petitioners' continued detention under section 1226 without a bond hearing violates their substantive and procedural due process rights.[5] *See Luna Quispe*, 2025 WL 2783799, at *7–9.

---

[4] The Court recognizes that in a recent decision by the Board of Immigration Appeals (BIA), *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), relied on by Respondents, the BIA held that noncitizens who are present in the United States without admission and are arrested on a warrant are subject to § 1225(b)(2)(A). *Matter of Yajure Hurtado*, 29 I. & N. Dec. at 227. In doing so, the BIA "acknowledge[d] that for years Immigration Judges have conducted § 1226(a) bond hearings for aliens who entered the United States without inspection." *Id.* at 225 n.6. The Court is not bound by that decision and finds its reasoning unpersuasive. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400–01, 406 (2024) (interpretation of the meaning of a statute belongs to the "independent judgment" of the courts, as "agencies have no special competence in resolving statutory ambiguities"); *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944) (stating that the "weight of a[n] [administrative] judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, *its consistency with earlier and later pronouncements*, and all those factors which give it power to persuade, if lacking power to control") (emphasis added).
[5] In opposition to Petitioners' due process claim, Respondents rely on *Miranda v. Garland*, 34 F.4th 338 (4th Cir. 2022). There, the Fourth Circuit reversed the district court's grant of a preliminary injunction on due process grounds, holding that the detention procedures in section 1226(a), including a bond hearing, satisfied due process. *Id.* at 366. But nowhere in that opinion did the Fourth Circuit hold—explicitly or implicitly—that the failure to comport with the procedures contemplated in section 1226(a), including the provision of a bond determination hearing, would also satisfy due process.

For the above reasons, Petitioners' detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and its implementing regulations, Petitioners are entitled to a bond hearing before an Immigration Judge.

## IV.    CONCLUSION

For the above reasons, the Petition is granted, and it is hereby

**ORDERED** that Respondents provide Petitioners with separate bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and it is further

**ORDERED** that if Petitioners are granted bond by an Immigration Judge, Respondents are **ENJOINED** from denying bond to Petitioner, or from invoking the automatic stay provision pursuant to 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioners have been granted bond, and, if their requests for bond were denied, the reasons for that denial.

The Clerk is directed to send copies of this Order to all counsel of record.

Alexandria, Virginia
November 25, 2025

Anthony J. Trenga
Senior United States District Judge